## Commonwealth v. Spangler

*James W. Reynolds*, assistant district attorney, and *Carl B. Shelley*, district attorney, for Commonwealth.

*Edward C. First, Jr.*, for defendant.

WICKERSHAM, J., August 5, 1940.—This case comes before us on petition for discharge from custody and release of recognizance.

It appears from the petition that on January 8, 1940, Frank Spangler, petitioner, was taken into custody by a Pennsylvania motor patrolman; that on January 9, 1940, while still in custody of the patrolman, he was arrested by an alderman's constable on the charge of operating a motor vehicle on State Highway Route No. 22, in Middle Paxton Township, while under the influence of intoxicating liquor, narcotic, or habit-producing drug, in violation of the Act of June 29, 1937, P. L. 2329, which amended The Vehicle Code of May 1, 1929, P. L. 905, and in default of bail of $500 was committed to jail for a hearing on January 10, 1940; that on January 10, 1940, on testimony of said patrolman, petitioner was charged as above, entered a plea of guilty, and was bound over for the next term of court, furnishing $500 bail for his appearance thereat; that the judgment of arrest and holding over for quarter sessions court is unjust and contrary to law in that the magistrate's record shows his lack of jurisdiction and was a violation of the Act of June 27, 1939, P. L. 1135, sec. 31, 75 PS §741, which statute vests jurisdiction in the nearest magistrate in the township where the violation occurred, unless none such is available; that the actions of the alderman and patrolman were unjust and contrary to law, as evidenced by the alderman's record, in that the patrolman did not take petitioner forthwith before the nearest available magistrate in said township, nor was petitioner given the opportunity of an immediate hearing, or of waiving a hearing, or of giving bail, as provided in the said Act of 1939; that the binding over of petitioner after warrant served by the constable and plea of guilty was further unjust and contrary to the provisions of the Act of May 1, 1861, P. L. 682, sec. 2, 42 PS §724, and vested no consequent jurisdiction in the court of quarter sessions of this county. Petitioner prays for his discharge from custody and release of recognizance for appearance at a court of quarter sessions.

Upon the presentation of this petition an order was directed to the district attorney to show cause why the prayer of the petition should not be granted.

## Discussion

Counsel for petitioner contends the alderman who heard this case and passed judgment thereon was without jurisdiction to issue the warrant for petitioner's arrest. In support of this contention he relies upon the Act of 1939, supra, which further amends The Vehicle Code of 1929, and the amending Act of 1937, and in section 31 section 1211 of the 1929 code is amended, inter alia, as follows:

"Section 1211. Limitation of Authority for Pennsylvania Motor Policemen.—Such employes of the Commonwealth as are designated as Pennsylvania Motor Policemen are hereby declared to be peace officers, and are hereby given police power and authority throughout the Commonwealth to arrest on view, on Sunday or any other day, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act, in addition to any other power or authority conferred by law.

"Whenever an arrest is made upon view, on Sunday or any other day, under the provisions of this section, the officer making the arrest shall forthwith take the defendant before the nearest available magistrate in the city, borough, incorporated town, or township, where the alleged offense occurred . . . and shall make and file with the magistrate before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested.

"Any person so arrested on any day, other than Sunday, shall be given the opportunity of having an immediate hearing, or of waiving a hearing, or of giving bail; and any person so arrested on Sunday shall be given the opportunity of giving bail, which shall be accepted by the magistrate the same as on any other day, as provided in this act, for a hearing before the magistrate to be held at a

date not more than ten days from the date of such arrest, or of waiving a hearing and giving bail for his appearance in court."

Counsel for petitioner urges that the alderman's transcript reveals the offense occurred in Middle Paxton Township, whereas the alderman represents the fourteenth ward of the City of Harrisburg.

It is apparent from the petition that petitioner was charged with a violation of The Vehicle Code of 1929, as amended. Section 620 thereof was amended by the Act of 1937, supra, and provides, inter alia, as follows:

"It shall be unlawful for any person to commit any of the following acts . . .

"(f) To operate a motor vehicle . . . while under the influence of intoxicating liquor, or any narcotic drug . . .

"Any person violating any of the provisions of subsections . . . (f) . . . of this section shall be guilty of a misdemeanor . . ."

And the said amending Act of 1939, in section 31, further amending section 1201 of the 1929 code, provides in paragraph (b):

"Where the offense committed is designated a felony or misdemeanor, information may be filed as now provided by law."

We have, therefore, petitioner charged with "operating a motor vehicle while under the influence of intoxicating liquor, narcotic or habit-forming drug," in violation of The Vehicle Code, which offense is designated a misdemeanor, and for which information may be filed as "now provided by law."

The Statutory Construction Act of May 28, 1937, P. L. 1019, provides, inter alia:

"Section 101. Definitions.—The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section . . .

"(11) 'As now provided by law,' a reference to the laws in force at the time when the law containing the phrase was finally enacted."

This means, of course, that felonies and misdemeanors under The Vehicle Code are to be prosecuted as formerly, under the laws in force at the time.

The Vehicle Code of 1929, art. XII, sec. 1202, as last amended by the Act of 1937, provides, inter alia:

"(a)  Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice. . . .

"2.  The peace officer serving such warrant shall take the defendant before a magistrate, within the city, borough, incorporated town, or township in which the defendant is found . . . who shall take bail, either for the defendant's appearance before the magistrate who issued the warrant, or for his appearance for trial in the proper court, if a summary hearing is waived."

And section 1203 of The Vehicle Code of 1929, amended by the Act of June 22, 1931, P. L. 751, provides, inter alia:

"Arrests on View or With Warrant—

"(a)  Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor . . . and such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

There is, therefore, no requirement whatever in cases of felonies and misdemeanors under The Vehicle Code that an information be laid before the nearest available magistrate.

The Administrative Code of April 9, 1929, P. L. 177, sec. 712, as amended by section 1 of the Act of June 21, 1937, P. L. 1865, provides that various members of the Pennsylvania State Police are authorized

"(a) To make arrests, without warrant, for all violations of the law which they may witness, and to serve and execute warrants issued by the proper local authorities. They shall have all the powers and prerogatives conferred by law upon members of the police force of cities of the first class, and upon constables of the Commonwealth . . ."

This authority was granted to the Pennsylvania Motor Police in a further amendment to The Administrative Code of 1929, supra, by the Act of June 29, 1937, P. L. 2436, sec. 1.

We are of opinion, therefore, that since under the provisions of The Administrative Code, prior to The Vehicle Code, as amended in 1939, a member of the Pennsylvania Motor Police had the power and authority to arrest on view, the provisions in The Vehicle Code of 1929, requiring the officer to take the defendant before the nearest available magistrate, are applicable only where the motor patrolman makes an arrest on view under the authority of that section; and that paragraph 2 of section 31 of the Act of 1939 is only a limitation upon the additional power given to the motor police by paragraph 1. It will be noted that the first paragraph of said section 31 closes with these words: "in addition to any other power or authority conferred by law."

We are further of opinion that there was no error committed in the procedure followed by the State officer and that the petition must be dismissed.

And now, August 5, 1940, it is ordered, adjudged, and decreed that petitioner's petition for discharge from custody and release of recognizance is refused and the petition is dismissed at the cost of petitioner.